UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NOS. 09-23425-MC-JORDAN & 09-23428-MC-JORDAN

In re: TOUSA, INC., et al.,                    )
                                               )
              Debtors.                         )
                                               )
_____               )
                                               )
OFFICIAL COMMITTEE OF                          )
UNSECURED CREDITORS OF TOUSA,                  )     **CLOSED**
INC., et al.,                                  )     **CIVIL**
              Plaintiffs-Appellees,            )     **CASE**
                                               )
vs.                                            )
                                               )
CITICORP NORTH AMERICA, INC., et               )
al.,                                           )
                                               )
              Defendants-Appellants.           )
_____               )

## ORDER GRANTING IN PART MOTIONS FOR STAY & CLOSING CASES

Following oral argument and consideration of the parties' written submissions, and as set forth below, the motions of the Senior Transeastern Lenders [D.E. 1 in No. 09-23428-MC-JORDAN] and of Citicorp North America and the Appearing Lenders [D.E. 1 in No. 09-23425-MC-JORDAN][1] ("the appellants") for a stay pending appeal and/or to waive supersedeas bonds are GRANTED IN PART AND DENIED IN PART. This order is being issued in summary form given the parties' need for a very quick decision. The clerk shall file a copy of this order in both cases.

Judge Olson's order of October 30, 2009, on motions for stay pending appeal -- including the amount of the bonds[2] -- will remain in place, but with the following modifications:

_____

[1]Wells Fargo and the Second Lien Defendants joined the motion of Citicorp and the Appearing Lenders [D.E. 6 in No. 09-23425-MC-JORDAN] and partially joined the motion of the Senior Transeastern Lenders [D.E. 5 in No. 09-23428-MC-JORDAN].

[2]I understand the appellants' argument that the bonds are too high because the amount that may ultimately be recovered by the appellees will be significantly lower than the amounts that Judge Olson ordered disgorged. Although the argument has some appeal, the undeniable fact is that the appellants have been ordered to disgorge hundreds of millions of dollars. That disgorgement judgment is the one that the appellants are appealing from, and in the absence of any authority on point, it seems to me that any bond should be set at 110% of the respective disgorgement judgment. After all, a bond needs to be sufficient to cover if the respective disgorgement judgment if it is

1.   Any bonds issued by surety companies with an A or above rating from A.M. Best, Standard and Poors, and/or Moody's will be sufficient for a stay. The appellants will act at their own risk if they obtain bonds from surety companies with lower ratings.

2. The bonds to be posted by Citicorp North America and the Appearing Lenders need only be for $117.1 million (plus 10%).

3. The deadline for posting the bonds is extended to December 22, 2009.

4. Judge Olson may set a schedule in January of 2010 for challenges to the adequacy of any bond and for a hearing on such challenges.

Both of these cases are now closed.

DONE and ORDERED in chambers in Miami, Florida, this 20th day of November, 2009.

_____
Adalberto Jordan
United States District Judge

Copy to:      Bankruptcy Judge Olson and all counsel of record

upheld on appeal.  Moreover, I cannot accept the appellants' argument without exhaustively analyzing the merits, and that is not something I can do at this time.  The appeal from the disgorgement judgment has not yet been docketed in this court, and the parties have not filed their briefs on the merits.